AMERICAN OIL COMPANY, Libelant-Appellant,

v.

The STEAMSHIP IONIAN CHALLENGER, her engines, boilers, etc., and Petroleum Transport, Ltd., Respondents-Appellees.

No. 14, Docket 30307.

United States Court of Appeals Second Circuit.

Argued Sept. 22, 1966.

Decided Sept. 23, 1966.

* LESTER L. CECIL, of the Sixth Circuit, sitting by designation.

**510**

Poles, Tublin & Patestides, New York City (Melvin J. Tublin, Theodore P. Daly, New York City, of counsel), for libelant-appellant.

David P. Dawson, New York City, for respondents-appellees.

Before WATERMAN, MOORE and ANDERSON, Circuit Judges.

PER CURIAM:

The parties executed a "Warshipoilvoy" (Rev.) 11/1/45 form of tanker voyage Charter Party, a document whose standard provisions were well known to both parties. One of these provisions, paragraph 23(b), provided:

> (b) The Owner and the vessel in all matters arising under this Charter Party or any bill of lading issued hereunder shall be entitled to the like privileges, rights, and immunities as are contained in Sections 3(6), 4, and 11 of the Carriage of Goods by Sea Act (COGSA) of the United States approved April 16, 1936.

Section 3(6), 46 U.S.C. § 1303(6) of COGSA provides in pertinent part:

> \*   \*   \*   \*   \*   \*
>
> \* \* \* [T]he carrier and the ship shall be discharged from all liability in respect of loss or damage unless suit is brought within one year after delivery of the goods or the date when the goods should have been delivered \* \*.

Almost three years after delivery of the cargo of oil the libelant-appellant, which was both shipper and consignee, brought suit against respondents alleging that because of improper attention to the cargo during the voyage the discharging of the cargo was delayed at the port of delivery and that this delay resulted in delaying other vessels owned by libelant from berthing, to the damage of libelant.

Respondents moved for summary judgment on the ground that the action was time-barred by the one year period of limitation contained in the charter party sued upon.

The court below held that as the alleged delays in berthing other vessels were alleged by libelant to have been caused by improper attention to the cargo carried by respondents, the alleged delays were "matters arising under [the] Charter Party" and therefore respondents were entitled to plead in defense to the action the rights contained in Section 3(6) of COGSA, and granted the motion.

We agree with the district judge that libelant-appellant's suit is time-barred and affirm the decree.